In the Matter of LOUIS KAYE (Admitted as LOUIS KAMINETSKY), an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, December 5, 1967.

*Angelo T. Cometa* of counsel for petitioners.

*Louis Kaye,* respondent in person.

*Per Curiam.* Respondent Louis Kaye was disbarred by this court in 1966 (*Matter of Kaye,* 24 A D 2d 345, mot. for lv. to app. den. 17 N Y 2d 422, 17 N Y 2d 731). The Supreme Court of the United States granted certiorari, vacated the judgment and on February 13, 1967 " remanded [the matter] to the Appellate Division of the Supreme Court of New York, First Judicial Department, for reconsideration in light of *Spevack* v. *Klein,* 385 U. S. 511 " (*Kaye* v. *Co-Ordinating Committee on Discipline,* 386 U. S. 17).

The petitioner, the Co-ordinating Committee on Discipline, now again, on notice, moves for an order sustaining each of the charges of professional misconduct which were lodged against the respondent, excepting only that portion of charge 3 which relates to the Finegold specification. There were nine charges involving (1) farming out of negligence cases on which respondent was contingently retained, under arrangements whereby respondent obtained loans to be repaid out of respondent's expected share of the fees without regard to services rendered by respondent; (2) conversion for more than a year of a client's funds of moneys to be paid to a doctor; (3) failure to remit settlement funds to personal injury claimants within the time required by the rules of the court; (4) compromise of infants' claims without court order; (5) failure to file statements of retainer; (6) failure to file closing statements; (7) failure to maintain a special account for deposit of settlement funds; (8) harboring a disbarred lawyer in respondent's law office; and (9) the use of profanity and the addressing of a racial epithet to a witness at the close of an action in the Supreme Court (see *Matter of Kaye,* 24 A D 2d 345, 347, *supra*).

The respondent in this proceeding cross-moves for various relief including an order of rereference to hear the matter *de novo,* a remand for reconsideration of the denial of a motion by a respondent to suppress certain evidence, reconsideration of a denial of a motion for discovery and inspection and disaffirmance of the Referee's report previously affirmed by this court.

The motion and cross motion constitute a proper hearing on notice and on the filed papers.

The motion of the Co-ordinating Committee is granted as herein indicated and the cross motion of respondent is denied.

Examination of the record reveals that there is sufficient without respondent's testimony to sustain charges 1, 2, 3 as

modified by eliminating the Finegold specification, 4, 5, 6, 8 and 9. As to such charges the constitutional prohibitions or limitations have no controlling application.

Significant is the following statement concerning respondent in *Matter of Kaye* (24 A D 2d, 345, 350, *supra*):

"In determining the measure of disciplinary sanction to be meted out, we have, of necessity, considered respondent's past disciplinary record. Respondent was admitted to the Bar by the Appellate Division, Second Department, on May 7, 1924. In January, 1928, respondent was disbarred by the Second Department, after he had pleaded guilty to a felony count in an indictment in the United States District Court for the Eastern District of New York charging him with using the mails to defraud casualty companies into paying money to fraudulent claimants for alleged personal injuries (*Matter of Kaye*, 222 App. Div. 829). In June, 1935, respondent was reinstated by the Second Department, after he had received a Presidential pardon. (*Matter of Kaye*, 243 App. Div. 615.)

"In April, 1953, this court suspended respondent from practice for one year on a charge of knowingly issuing bad checks (*Matter of Kaye*, 281 App. Div. 508, 509). Our *Per Curiam* in that case noted that: 'Respondent has previously been admonished with respect to his conduct and professional associations. He appears not to have taken the admonition sufficiently seriously.' Respondent was reinstated by this court on September 1, 1954.

"Despite these prior difficulties, respondent has evidently continued to violate the rules of correct professional conduct in grave respects. His conduct strongly suggests the likelihood that he will continue to bring the profession into disrepute."

Accordingly the report of the Referee is again confirmed with respect to the charges enumerated above. Respondent should be disbarred.

STEVENS, J. P., EAGER, RABIN, McNALLY and McGIVERN, JJ., concur.

Respondent disbarred effective January 5, 1968. Cross motion of respondent denied in all respects.